### Burgess *vs.* Jacobs.

#### ERROR TO ESTILL CIRCUIT.

1. The affidavit of an attorney, to an answer filed for his client, must
   state that the client is absent from the county—*Code of Practice,
   section* 512—as well where the answer is an amended answer as
   an original answer.   *Code of Practice, section* 168.
2. The *Code of Practice, section* 373, provides that trial by jury may be
   waived—1. By failing to appear.   2. By written consent, in per-
   son or by attorney, filed with the clerk.   3. By oral consent, in
   open court, entered on the record.   Held, that where a party has
   appeared and plead an insufficient plea, and fails further to plead,
   that it is not such *failure to appear* as will authorize a judgment
   without a jury in a case where a jury should properly intervene.

This suit was brought against the principal and his
surety, upon a bond given to the plaintiff upon suing
out an attachment against him, which was subsequent-
ly discharged.   The plaintiff alleges damage to have

accrued to him in various particulars, for some of which no recovery could be had in an action on the bond, and concludes by averring, that by reason of said restraining order and suit he had been put to costs, &c., to the amount of $700, and asks a judgment.

Both defendants appeared; Burgess answered and his answer demurred to, and the demurrer sustained, and his amended answer offered, but rejected, because it was not sworn to by Burgess, but by his attorney, and the affidavit did not state that Burgess was out of the county. At the same term the other defendant filed an answer, denying several of the particular grounds of damage stated in the petition; and on his motion the suit was continued. At a subsequent term the cause was again continued as to the last named defendant; and as the record says, "the defendant Burgess failing further to answer, it is adjudged that the plaintiff recover against him $700, the damages claimed in the petition, with interest and costs." Burgess prosecutes a writ of error for the reversal of this judgment.

S. TURNER, for plaintiff—

The judgment is erroneous, and should be reversed on the following grounds:

1. The process being served on both defendants, the plaintiff had no right to take judgment against one and continue as to the other. *Code of Practice, Sec.* 404. And there was nothing to bring the case under the 411th section of the Code.

2. The court erred in rendering judgment without evidence, and there is nothing in the record to show that evidence was heard. Though the action is in form *ex contractu*, it is in substance *ex delicto*.

3. The court erred in rendering judgment without the intervention of a jury.

4. The record does not show that there was any waiver of the constitutional right of a trial by a jury. Burgess never failed to appear.

5. The court erred in not permitting the filing of the amended answer of Burgess. That the law does not require amended pleadings to be sworn to. The record shows that Burgess lives in Daviess county, and the oath of the attorney was sufficient. The plea of Burgess, denying that the bond sued on was his act and deed, is valid and the point reserved. The record in which this was given is not filed in this case. It is no denial of a record. The petition itself does not allege that Burgess even signed the bond. The Code imperitively requires the written instrument, which is the foundation of the action, to be filed with the petition. · It was surely erroneous to render judgment in the absence of the bond.

NOLAND, for defendant—

The original answer sworn to by Burgess does not deny the execution of the bond, it therefore responds to no part of the petition. The amended answer is sworn to by the attorney, but it omits to state Burgess was absent from Estill county. *Code of Practice, Section,* 512.

A party may not deny an attachment bond executed in court. *Patton, &c. v. Lair, &c.,* 4 *J. J. Marshall,* 249; *Stockton v. Turner,* 7 *J. J. Marshall,* 193.

The *Code of Practice, Section* 411 *and* 414, expressly authorize the court to render judgment against one defendant, though the process may be served upon other defendants.

The court properly rendered judgment without a jury. This case is not like that of *Wilson, &c. v. Barnes,* 13 *B. Monroe,* 330. In that case the writing sued on showed that Barnes was not entitled to what he demanded. But the court, in that case says, that a party may waive the right to a trial by jury by failing to appear.

Chief Justice MARSHALL delivered the opinion of the court.

BURGESS
*vs.*
JACOBS.

September 6.

This was an action by Jacobs v. Burgess and his surety, Riddle, upon an attachment bond. The petition, after stating the bond and attachment, and the discharge of the latter, specifies various particulars of damage alleged to have been sustained by the plaintiff in consequence of the attachment, (but for some of which, according to previous decisions of this court, there could be no recovery in an action on the bond,) concludes with the statement, that by reason of said restraining order and suit he has been put to costs and damages at least $700, for which he asks a judgment.

Process was served upon both defendants and both answered. The first answer of Burgess was properly adjudged bad on demurrer, and his amended answer was properly rejected because it was not sworn to by Burgess, but by his attorney, whose affidavit does not state, as required by *section* 512 *of the Code*, that Burgess was absent from the county. It is indeed contended that there is no law requiring amended pleadings to be sworn to; but the requisition of the Code on this subject makes no exception. The language in *section* 168 is, that the petition, answer, and reply must each be verified by the affidavit of the party. *Section* 143 declares that the only pleadings are the petition, the answer, and the demurrer or reply, and unless it can be said that an amended answer is neither an answer nor a pleading, it must be embraced in the requirement of the oath. The affidavit of the attorney or agent is, by *section* 512, to be received in the cases therein specified, instead of that of the party; and in some specified cases the affidavit is by other sections, dispensed with.

1. The affidavit of an attorney, to an answer filed for his client, must state that the client is absent from the county—*Code Prac.,* sec. 512—as well where the answer is an amended answer as an original answer. *Code Prac., sec. 168.*

These proceedings upon the answer and amended answer of Burgess took place in April, 1853. At the same term Riddle, the security, filed an answer, denying several of the particular grounds of damage stated in the petition, and on his motion the cause was continued. In December, 1853, on the plaintiff's motion the cause was continued as to the defendant, Riddle, and the record goes on to state, "and the defendant,

Burgess, failing further to answer. It is adjudged that the plaintiff recover against him $700, the damages claimed in the petition, with interest and costs." Burgess prosecutes a writ of error for the reversal of this judgment.

It is alleged for error that the court erred in rendering judgment for the damages without the intervention of a jury, and we think this error is well assigned, and must produce a reversal. That the question as to the amount of damages in this case, is one which must be decided by a jury, unless some other mode is agreed upon, or under the particular circumstances of the case, is authorized by the Code of Practice, is not denied. But it is suggested that the proceeding was authorized by *section* 373 *of the Code.* That section provides that the trial by jury may be waived in the following manner: 1. By failing to appear. 2. By written consent in person or by attorney, filed with the clerk; and 3. By oral consent in open court, entered on the record. There is no pretense of a waiver in this case unless by the first mode. And waiving the inquiry whether the failure to appear can properly be made a conclusive evidence of the waiver and loss of the constitutional right of trial by jury, in cases in which it had existed from time immemorial, we are satisfied that the record does not establish the fact of the non-appearance of Burgess, on which the inference of waiver is to be founded. On the contrary, the record shows that he did appear at a previous term and plead, and offer an amended pleading, which was rejected. It is not even stated that he did not appear at the term at which the judgment was rendered, and *in fact* the judgment is rendered not for want of appearance, but for failing to plead further.

In this state of the record the rendition of judgment for the sum claimed in the petition as damages, without the intervention of a jury, and without consent, was unauthorized and erroneous, and, as several of the grounds on which this amount was claimed are

2. The *Code of Practice, sec.* 373, provides that trial by jury may be waived—1. By failing to appear. 2. By written consent, in person or by attorney, filed with the clerk. 3. By oral consent, in open court, entered on the record. Held, that where a party has appeared and plead an insufficient plea, and fails further to plead, that it is not such *failure to appear* as will authorize a judgment without a jury in a case where a jury should properly intervene.

untenable the damages adjuged are excessive even if the court had a right to assess them.

The question whether this case as it stood with an answer by one defendant going to the merits, was in a condition in which the Code authorizes a continuance as to the party pleading, and a judgment by default against the other defendant, is one of serious importance. It arises under *sections 404, 411, and 414, of the Code.* But as the judgment is reversed on another ground, and as the condition of the case and of the parties may and probably will be altered on the return of the cause to the circuit court, it is not deemed necessary to decide in the present case this particular question, upon which it may be added, the views of the court are not at present entirely harmonious, nor indeed entirely settled.

Wherefore, for the errors before noticed, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent this opinion.